FILED
2009 Mar-12  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY SINGLETERY, individually and on behalf of a class of similarly situated persons, Plaintiffs, | ) ) ) ) ) | Case No.: |
| v. | ) ) | |
| EQUIFAX INFORMATION SERVICES, LLC, Defendant. | ) ) ) | |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Corey Singletery, by and through his counsel, in the above styled cause, and on behalf of himself and all others similarly situated states as follows:

### JURISDICTION & VENUE

1.    This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.* [hereinafter "FCRA" or the "Act"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

1

2.    Venue is proper in this Court under 28 U.S.C. § 1391 (b), as the events took place in this Judicial District and the Defendants are subject to the personal jurisdiction of this Judicial District.

## PARTIES

3.    The Plaintiff, Corey Singletery ("Plaintiff"), is a natural person who resides within this Judicial District.   Plaintiff is a "consumer" as contemplated by 15 U.S.C. § 1681a(C).

4.    Defendant Equifax Information Services, LLC ("Defendant" or "EIS"), is a Georgia limited liability company with its principal place of business in the state of Georgia.   EIS regularly assembles or evaluates and maintains information to provide consumer reports to third parties.  EIS collects both public record information and credit account information on consumers residing nationwide.   EIS does business in this Judicial District.   EIS is a "nationwide" consumer reporting agency ("CRA") as contemplated by the FCRA, 15 U.S.C. §§ 1681 *et seq.*, and 1681a(f)(See also 140 Cong. Rec. 25,871 (1994) (statement of Rep. Kennedy).

## INTRODUCTION

5. In 2003 Congress passed and President Bush signed into law, the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals to assume their identity and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

6. The FCRA imposes numerous responsibilities particular to nationwide CRAs; namely, national CRAs shall:

  a. Provide free annual disclosures of consumer reports to consumers  15 U.S.C. § 1681g(c)(1)(B);

  b. Maintain a toll-free telephone number during normal business hours with personnel accessible to consumers who have received their file disclosures  15 U.S.C. § 1681g(c);

  c. Review complaints of inaccuracy compiled and transmitted by the Federal Trade Commission (FTC) 15 U.S.C. § 1681s(f)(1); and

3

d. Abstain from corporate technological means to try to circumvent the responsibilities of nationwide CRAs. 15 U.S.C. § 1681m(a)(2)(A).

7. The Act provides upon consumer request:

> All consumer reporting agencies described in subsections (p) and (w) of section 1681a of this title shall make all disclosures pursuant to section 1681g of this title once during any 12-month period upon request of the consumer and without charge to the consumer.

15 U.S.C. § 1681j(1)(A).

8. The Act requires nationwide CRAs to provide consumers with a free consumer report every 12 months.

9. The consumer report must be provided to the consumer no later than fifteen (15) days after the date on which the request is received. 15 U.S.C. § 1681j(a)(2).

10. Nationwide CRAs must, upon the request of a consumer with proper identification, provide the consumer with an annual file disclosure. 16 C.F.R. § 610.2(d).

11. CRAs must accept and process a consumer's request made by a method other than the process established by the CRA, or the CRA must

4

instruct the consumer how to properly make the request.   16 C.F.R. § 610.3(e).

12.     Nationwide CRAs must have adequate capacity to meet a reasonably anticipated volume of consumer requests.   16 C.F.R. § 610.2(b)(2)(i).

13.     Nationwide CRAs must have adequate contingency plans for reasonably likely situations that might increase demands.   16 C.F.R. §§ 610.2(c); and 16 C.F.R. § 610.3(b).

14.     In addition to the consumer's right to request a free annual credit report from nationwide CRAs, a consumer may request a free credit report after a user takes an adverse action relating to a consumer's credit within sixty (60) days from the CRA referenced in the user's notice.   15 U.S.C. 1681j(b).

15.     The user's adverse action letter must provide the name and address of the CRA that provided the consumer report.  15 U.S.C. § 1681m.

16.     The consumer is entitled to a free copy of the credit report within thirty (30) days of receipt even if the basis of the denial was that the consumer had supplied credit references that were too few in number or too new to appear in the credit file.  *See*  FTC Staff Commentary § 612.

17.     CRAs are required by the Act to require proper identification from consumers requesting a credit report.  15 U.S.C. § 1681h.

18.     When the consumer requests a free annual credit report, the Act states the CRA can ask for the minimum of personal information necessary to properly identify the consumer.  16 C.F.R, §§ 610.2(b)(2)(ii); 610.3(a)(2)(ii).

19.     Plaintiff on behalf of himself and all others similarly situated brings this action against Defendant based upon Defendant's violation of 15 U.S.C. §§ 1681 *et seq.*

20.     Plaintiff seeks on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly provided by statute, and a permanent injunction enjoining Defendant from continuing its unlawful practice of willfully violating the Act's provisions.

## JURISDICTION

21.     This Court has Federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  Plaintiff's claims asserted herein arose in this judicial district and the Defendant is doing business in the judicial district.

22.     Venue in this Judicial District is proper under 28 U.S.C. § 1391 because the events took place in this Judicial District and the Defendant is subject to the personal jurisdiction of this Judicial District.

## THE EXPERIENCE OF REPRESENTATIVE PLAINTIFF

23.     Within the statutory period, when Plaintiff requested a free annual credit report from EIS, Plaintiff's request was denied by EIS.

24.     Within the statutory period, Plaintiff requested a free credit report from EIS as a result of a user's adverse action and EIS denied Plaintiff's request.

## CLASS ALLEGATIONS

25.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

26.     Plaintiff seeks to represent a class of persons to be defined as follows:

> Class A:   All consumers whom the Defendant failed and/or refused to provide a credit report pursuant to their right to a free annual credit report.

> Class B:   All consumers whom the Defendant failed and/or refused to provide a free credit report to consumers after the consumer received an action letter basing its decision on information contained in a report prepared by EIS.

27.     Numerosity:  The classes described in the above paragraphs are so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both of the parties and this Court.  Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of Class A and Class B as described in Paragraph 27.   The exact size of the Classes and the identities of the individual members thereof are ascertainable through Defendant's records, and records maintained by the FTC.  Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, electronic mail notice, web site notices, first class mail, or combinations thereof, or by other methods suitable to the class and deemed necessary and/or appropriate by this Court.

28.     Typicality:  Plaintiff's claims are typical of the claims of the members of Class A and Class B.  The claims of the Plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful and willful conduct.

29.     Common Questions of Fact and Law:  There is a well defined community of interest and common questions of fact and law affecting the

8

members of the Classes.  The questions of fact and law common to Class  A

and Class B predominate over questions which may effect individual

members and include the following:

> i. Whether Defendant is a consumer reporting agency as defined by the Act;
>
> ii. Whether Defendant's conduct of failing and/or refusing to provide Plaintiff and the members of Class A with a free annual credit report in violation of 15 U.S.C. §§ 1681 *et seq*;
>
> iii. Whether Defendant's conduct of failing and/or refusing to provide Plaintiff and the members of Class B with a free credit after the Plaintiff and members of said Class requested a credit report as the result of an adverse action by a user relying on credit information provided by EIS in violation of 15 U.S.C. §§ 1681 *et seq*,
>
> iv. Whether Defendant's conduct was deliberate and/or reckless;
>
> v. Whether Defendant's conduct was negligent;
>
> vi. Whether Plaintiff and Class Members have sustained damages, and if so, what is the proper measure of those damages;
>
> vii. Whether injunctive relief is appropriate in this matter; and
>
> viii. Whether Plaintiff and members of the Classes are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct.

30.    <u>Adequacy of Representation</u>:   Plaintiff can and will adequately

and vigorously representative and protect the interests of the members of the

Classes and has no interest antagonistic to the members of the Classes. Plaintiff has retained counsel who are competent and qualified to prosecute this class action litigation.

31.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes.  While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial; the damages suffered by individual members of the Classes are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impractical for each member of the Classes to individually seek redress for the wrongs done to them by Defendant.   Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Classes.   The likelihood of the individual members of the Class es prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  Conversely, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and

would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

32.     Injunctive Relief:   Defendant has acted on grounds generally applicable to the members of the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

## COUNT ONE

## INTENTIONAL VIOLATION OF THE ACT, 15 U.S.C. §§ 1681 *et seq.*

33.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

34.     Plaintiff asserts this Complaint on behalf of himself and members of Class A against Defendant.

35.     Title 15 U.S.C. § 1681j(a)(1)(A) provides:

> All consumer reporting agencies described in subsections (p) and (w) of section 1681a of this title shall make all disclosures pursuant to section 1681g of this title once during any 12-month period upon request of the consumer and without charge to the consumer.

36.     Title 15 U.S.C. § 1681j(a)(2) provides:

11

> A consumer reporting agency shall provide a consumer report under paragraph (1) not later that 15 days after the date on which the request is received under paragraph (1).

37.     Defendant is a nationwide CRA.

38.     Plaintiff and members of the Class requested a free annual credit report from EIS.

39.     Defendant failed and/or refused to provide said report to Plaintiff and members of the Class within fifteen (15) days of receipt in violation of the Act.

40.     Defendant willfully disregarded the Act's requirements and continues to fail and/or refuses to disclose a consumer credit report to the Plaintiff and credit reports to the members of Class A in violation of the Act.

41.     Defendants willfully violated the Act in reckless disregard of the rights of Plaintiff and members of the Class thereby exposing Plaintiff and the members of the Class to an increased risk of identity theft because Plaintiff and members of the Class have been unable to review their credit report for inaccurate information.

42.     As a result of the Defendant's willful violations of the Act, Defendant is liable to Plaintiff and each class member of the Class in the

statutory damage amount "not less than $100.00 and not more than $1,000.00" for each violation. 15 U.S.C. § 1681n(a)(1)(A).

43.      As a result of Defendant's willful violations of the Act, Plaintiff and the members of the Class, for each violation, are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. § 1681n(a)(3).

44.      As a result of Defendant's willful violations or the Act, Plaintiff and the members of the Class, for each violation, are entitled to punitive damages. 15 U.S.C. § 1681n(a)(2).

45.      Defendant's conduct is continuing and unless enjoined, Defendant will continue to engage in its unlawful conduct.

## COUNT TWO

### NEGLIGENT VIOLATION OF THE ACT, 15 U.S.C. §§ 1681 *et seq.*

46.   .   Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

47.      Plaintiff asserts this Complaint on behalf of himself and members of Class A against Defendant.

48.      Title 15 U.S.C. § 1681j(a)(1)(A) provides:

> All consumer reporting agencies described in subsections (p) and (w) of section 1681a of this title shall make all disclosures pursuant to section 1681g of this title once during any 12-month period upon request of the consumer and without charge to the consumer.

49.     Title 15 U.S.C. § 1681j(a)(2) provides:

> A consumer reporting agency shall provide a consumer report under paragraph (1) not later that 15 days after the date on which the request is received under paragraph (1).

50.     Defendant is a nationwide CRA.

51.     Plaintiff and members of the Class requested a free annual credit report from EIS.

52.     Defendant failed and/or refused to provide said report to Plaintiff and members of the Class within fifteen (15) days of receipt in violation of the Act.

53.     Defendant negligently violated the Act's requirements and continues to fail and/or refuses to disclose a consumer credit report to the Plaintiff and credit reports to the members of Class A in violation of the Act.

54.     Defendants negligently violated the Act in reckless disregard of the rights of Plaintiff and members of the Class thereby, *inter alia*, exposing Plaintiff and the members of the Class to an increased risk of identity theft because Plaintiff and members of the Class have been unable to review their

credit report for inaccurate information. Defendant's conduct violated FCRA, and Plaintiff and Class Members have been damaged by Defendant's negligent actions.

55.     As a result of the Defendant's conduct, Plaintiff and Class Members are entitled to actual damages to be proven at trial, as well as the costs and attorneys' fees in bringing this action. 15 U.S.C. § 1681o.

56.     Defendant's conduct is continuing and unless enjoined, Defendant will continue to engage in its unlawful conduct.

## COUNT THREE

## INTENTIONAL VIOLATION OF 15 U.S.C. §§ 1681 *et seq.*

57.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

58.     Title 15 U.S.C § 1681j(b) provides:

> Each consumer reporting agency that maintains a file on a consumer shall make all disclosures pursuant to section 1681g of this title without charge to the consumer if, not later than 60 days after receipt by such consumer of a notification pursuant to section 1681m of this title, or of a notification from a debt collection agency affiliated with that consumer reporting agency stating that the consumer's credit rating may be or has been adversely affected, the consumer makes a request under section 1681g of this

title.

59.    Title 15 U.S.C. § 1681j(a)(2) provides:

A consumer reporting agency shall provide a consumer report under paragraph (1) not later that 15 days after the date on which the request is received under paragraph (1).

60.    Defendant is a nationwide CRA.

61.    Plaintiff and members of Class B requested a credit report from EIS after a user's adverse action.

62.    Defendant failed and/or refused to provide Plaintiff and members of the Class with a credit report within fifteen (15) days of receipt of such request in violation of the Act.

63.    Defendant willfully disregarded the Act's requirements and continues to fail and/or refuses to disclose a consumer credit report to the Plaintiff and credit reports to the members of the Class in violation of FACTA.

64.    Defendants willfully violated FACTA in reckless disregard of the rights of Plaintiff and members of the Class thereby exposing Plaintiff and the members of the Class to an increased risk of identity theft because Plaintiff and members of the Class have been unable to review their credit report for inaccurate information.

65.     As a result of the Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each class member of the Class in the statutory damage amount "not less than $100.00 and not more than $1,000.00" for each violation.  15 U.S.C. § 1681n(a)(1)(A).

66.     As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the Class, for each violation, are entitled to recover costs of suit and their reasonable attorneys' fees.  15 U.S.C. § 1681n(a)(3).

67.     As a result of Defendant's willful violations or FACTA, Plaintiff and the members of the Class, for each violation, are entitled to punitive damages.  15 U.S.C. § 1681n(a)(2).

68.     Defendant's conduct is continuing and unless enjoined, Defendant will continue to engage in its unlawful conduct.

## COUNT FOUR

## NEGLIGENT VIOLATION OF 15 U.S.C. §§ 1681 *et seq.*

69.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

70.     Title 15 U.S.C § 1681j(b) provides:

> Each consumer reporting agency that maintains a file on a consumer shall make all disclosures pursuant to section 1681g of this title without charge to the consumer if, not later than 60 days after receipt by such consumer of a notification pursuant to section 1681m of this title, or of a notification from a debt collection agency affiliated with that consumer reporting agency stating that the consumer's credit rating may be or has been adversely affected, the consumer makes a request under section 1681g of this title.

71.     Title 15 U.S.C. § 1681j(a)(2) provides:

> A consumer reporting agency shall provide a consumer report under paragraph (1) not later that 15 days after the date on which the request is received under paragraph (1).

72.     Defendant is a nationwide CRA.

73.     Plaintiff and members of Class B requested a credit report from EIS after a user's adverse action.

74.     Defendant failed and/or refused to provide Plaintiff and members of the Class with a credit report within fifteen (15) days of receipt of such request in violation of the Act.

75.     Defendant negligently violated the Act's requirements and continues to fail and/or refuses to disclose a consumer credit report to the Plaintiff and credit reports to the members of Class B in violation of FACTA.

18

76.    Defendants negligently violated FACTA in reckless disregard of the rights of Plaintiff and members of the Class thereby exposing Plaintiff and the members of the Class to, *inter alia*, an increased risk of identity theft because Plaintiff and members of the Class have been unable to review their credit report for inaccurate information.

77.    As a result of the Defendant's conduct, Plaintiff and members of Class B have been damaged by Defendant's negligent actions.

78.    As a result of Defendant's conduct, Plaintiff and members of Class B are entitled to actual damages to be proven at trial, as well as the costs and attorneys' fees in bringing this action. 15 U.S.C. § 1681o.

79.    Defendant's conduct is continuing and unless enjoined, Defendant will continue to engage in its unlawful conduct.

### PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and the members of Class A and

Class B prays:

a) That the Court enter an Order certifying Class A and Class B and appointing Plaintiff as the representative of the Classes, and appointing counsel for Plaintiff as lead counsel for the Classes;

b) Finding that Defendant purposefully and/or reckless violated FCRA due to its failure to provide Plaintiff and members of Class A with a credit report pursuant to consumer request;

c) Finding that Defendant purposefully and/or reckless violated FCRA due to its failure to provide Plaintiff and members of Class B with a credit report pursuant to consumer request;

d) Finding that Defendant negligently violated FCRA due to its failure to provide Plaintiff and members of Class A with a credit report pursuant to consumer request;

e) Finding that Defendant negligently violated FCRA due to its failure to provide Plaintiff and members of Class B with a credit report pursuant to consumer request;

f) Enjoining Defendant from actions which prevent consumers from receiving credit reports and unlawful violations of the Act;

g) That Defendant provide Plaintiff and members of the Class with a credit report;

h) Requiring Defendant to pay actual damages of not less than $ 100 and not more than $1,000 under the Act.;

i) That the Plaintiff and members of the Classes are awarded punitive damages pursuant to the Act;

j) Requiring Defendant to make Plaintiff and Class Members whole;

k) Awarding costs of this proceeding and attorneys' fees, as provided by the Act;

l) That a jury be empanelled to hear this cause;

m) For other and further relief as this court may deem proper.

## JURY DEMAND

Plaintiff, on behalf of himself and the putative members of the Classes pursuant to Federal Rules of Civil Procedure 38(b), demand a trial by jury on all claims and causes of action to which he is entitled to a jury trial.

Respectfully Submitted,

Richard A. Bearden (ASB-0873-E41R)
*rbearden@msnattorneys.com*
Micah S. Adkins (ASB-8639-I48A)
*madkins@msnattorneys.com*
**MASSEY, STOTSER & NICHOLS, P.C.**
P.O. Box 94308
Birmingham, Alabama 35220
(205) 838-9000 Telephone
(205) 838-9032 Facsimile

Peter H. Burke (ASB-1992-K74P)
*pburke@bhflegal.com*
H. Todd Harvey (ASB-3215-E64W)
*tharvey@bhflegal.com*
BURKE, HARVEY & FRANKOWSKI, LLC
One Highland Place
2151 Highland Avenue
Birmingham, Alabama 35205
(205) 930-9091 Telephone
(205) 930-9054 Facsimile